DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TYLER IMMERMAN SHERNOFF,**
Appellant,

v.

**FREDRIC LEE SHERNOFF,**
Appellee.

No. 4D2023-1704

[August 28, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cheryl A. Caracuzzo, Judge; L.T. Case No. 502018DR000111.

Chad R. Laing of Laing, Weicholz, Schley, PLLC, Boca Raton, for appellant.

Jean M. Henne of Jean M. Henne, P.A., Winter Haven, for appellee.

PER CURIAM.

Former Wife appeals the circuit court's order denying her motion for contempt and enforcement against Former Husband. We affirm each issue without discussion except one. For that issue, Former Wife argues the circuit court erred in (1) denying her motion to hold Former Husband in contempt for failing to make sufficient contributions to their children's 529 college savings plan, or (2) failing to enforce that obligation from their marital settlement agreement. We reverse the circuit court's order and remand for further proceedings.

Former Wife and Former Husband divorced, and the circuit court entered a final judgment of dissolution of marriage. Pursuant to the final judgment, the parties entered into a Marital Settlement Agreement and Parenting Plan (the "MSA"). The MSA addressed contributions to 529 college savings plans:

> Parties agree to maintain the 529 Savings plans that are already created with Merrill Lynch. Wife will continue to put money into each account during the three-year alimony term.

Upon termination of alimony, the parties agree to place $1,000.00 into each account per month and equally (50/50) split the contribution with each party being responsible for a contribution of $500 per month. Parties agree to equally (50/50) split the contribution with each party being responsible for a contribution of $500 per month. Parties agree to equally (50/50) share the cost for any expenses not covered by the 529 plan, which include but are not limited to room and board. The parties further agree that contribution amounts can be adjusted and discussed any time but will be equal following the alimony period.

Shortly thereafter, the parties executed an alimony addendum, which stated: "[Former Wife] will not be responsible for any 529 contributions following the alimony period. Any contributions made will be at her discretion if necessary." Former Wife contends they executed the alimony addendum because she had deposited into the 529 plans a large sum of money which she had received as an inheritance. Essentially, she had "prefunded" her contribution. The alimony addendum did not reference Former Husband's obligation to contribute to the 529 plans.

Former Wife argues that Former Husband failed to contribute the agreed upon $500 per month into the 529 plans, and instead contributed a lesser amount to Florida Prepaid College Fund accounts. The circuit court noted: "Former Husband testified that he had the ability to deposit monies into the 529 Savings Plan, [but] that he refused to deposit monies into the 529 Savings Plan because it was in Former Wife's name."

The record suggests the parties agreed that Former Husband could pay into the children's Florida Prepaid College Fund accounts instead of the 529 plans, but they did not agree on the amount. At a hearing before the circuit court, Former Wife testified that she agreed "[Former Husband] could make payments to Florida [P]repaid," but his total monthly contribution needed to equal $500. She later testified, "I had no issue with him putting [money] into the Florida [P]repaid. I only had an issue that the kids were not getting the whole $500."

The circuit court found that the parties had made an outside agreement to allow Former Husband to contribute money to the children's Florida Prepaid College Fund accounts instead of the 529 plans. And because such outside agreement had not been ratified by a court order, the circuit court concluded it could not hold Former Husband in contempt for violating that agreement. The circuit court also concluded that the alimony addendum relieved Former Husband of any additional

2

contributions to the children's college savings accounts: "The provisions [of the alimony addendum] are unambiguous and the plain reading absolves Former Husband of his obligation to make any further payments toward the 529 plans."

We conclude the circuit court did not err when it denied the motion to hold the Former Husband in contempt. But we disagree with the circuit court's interpretation of the alimony addendum. The testimony revealed Former Wife prefunded her contributions to the 529 plans, which allegedly led to the execution of the alimony addendum. Both parties acknowledged Former Husband had a continuing obligation to fund a college savings account. The circuit court should have considered this evidence, much of it undisputed, when it determined Former Husband no longer had a duty to fund the 529 plans.

On remand, the circuit court must consider this evidence, including Former Wife's contribution to the 529 plans, before determining whether to grant Former Wife's enforcement motion.

*Affirmed in part, reversed in part, and remanded.*

WARNER, GERBER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3